UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PHILLIP WILLIAMS,

    Plaintiff,

v.                                      CASE NO.:

BLUETRITON BRANDS, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Phillip Williams, by and through undersigned counsel, brings this action against Defendant, BlueTriton Brands, Inc., and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA").

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331. Venue is proper in this district, because all of the events giving rise to these claims occurred in Hillsborough County which is in this district.

## PARTIES

3. Plaintiff is a resident of Hillsborough County, Florida, and he worked in Pasco County.

4. Defendant operates a water bottling and manufacturing company in Pasco County.

## GENERAL ALLEGATIONS

5. This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant interfered with Plaintiff's rights under the FMLA and retaliated against Plaintiff for exercising these same rights.

6. Plaintiff was an employee of Defendant, and he worked at least 1250 hours in the 12 months preceding his request for leave under the FMLA.

7. Thus, Plaintiff was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

8. Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

9. Plaintiff has satisfied all conditions precedent, or they have been waived.

10. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

11. Plaintiff requests a jury trial for all issues so triable.

## FACTS

12. Plaintiff began working for Defendant on or around March 2018.

13. In or around August 2018, Plaintiff suffered a serious health condition within the meaning of the FMLA.

14. Specifically, Plaintiff experienced chronic back pain requiring him to apply for intermittent FMLA for continuous treatment.

15. However, Plaintiff's supervisor would always give Plaintiff a hard time for using his FMLA to seek treatment and care for the chronic pain he experienced.

16. In or about September 2020, Plaintiff submitted proper medical documentation to Defendant in support of his renewing FMLA leave request to care for himself.

17. Defendant's Human Resource, though, delayed approval of Plaintiff's FMLA renewal and would not respond to him.

18. On or about October 28, 2020, Plaintiff's employment was terminated for a pre-textual reason.

19. Plaintiff exercised her rights under the FMLA by filing for and utilizing FMLA leave.

20. Defendant's termination of Plaintiff's employment violated Plaintiff's rights under the FMLA.

## COUNT I – FMLA INTERFERENCE

21. Plaintiff realleges and readopts the allegations of paragraphs 1 through 20 of this Complaint, as fully set forth herein.

22. Plaintiff required time off from work to care for himself, because he suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

23. By terminating Plaintiff's employment for Plaintiff's FMLA protected absences from work, Defendant interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

24. Defendant's actions were willful and done with malice.

25. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) That this Court enter a judgment, stating that Defendant interfered with Plaintiff's rights in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

    (h)    All costs and attorney's fees incurred in prosecuting these claims; and

    (i)    For such further relief as this Court deems just and equitable.

## COUNT II – FMLA RETALIATION

26. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 20 of this Complaint, as fully set forth herein.

27. Plaintiff required time off from work to care for himself, because he suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

28. Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise his FMLA rights.

29. Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating his employment.

30. Defendant's actions were willful and done with malice.

31. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    (a)    That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FMLA;

    (b)    An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 24th day of March, 2022.

        Respectfully submitted,

        */s/ Brandon J. Hill*
        **BRANDON J. HILL**
        Florida Bar Number: 0037061
        Direct Dial: 813-337-7992
        **AMANDA E. HEYSTEK**
        Florida Bar Number: 0285020
        Direct Dial: 813-379-2560
        **WENZEL FENTON CABASSA, P.A.**
        1110 N. Florida Avenue, Suite 300
        Tampa, Florida 33602
        Main Number: 813-224-0431
        Facsimile: 813-229-8712
        Email: bhill@wfclaw.com
        Email: aheystek@wfclaw.com
        Email: aketelsen@wfclaw.com
        **Attorneys for Plaintiff**